IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRENCE BETHEA,<br>*Petitioner* | :<br>:    **CIVIL ACTION**<br>: |
| v. | :<br>: |
| VINCENT MOONEY, et al.,<br>*Respondents* | :<br>:    No. 18-4033<br>: |

## ORDER

AND NOW, this 24th day of August, 2020, upon consideration of the Petition for a Writ of Habeas Corpus filed by Petitioner Terrence Bethea (Doc. No. 2), the Supplemental Petition for Writ of Habeas Corpus (Doc. No. 12), the Response to the Petition (Doc. No. 17), United States Magistrate Judge Linda K. Caracappa's Report & Recommendation (Doc. No. 18), and the Court's prior Orders permitting Mr. Mooney additional time to file any objections (Doc. Nos. 20, 23, 24), it is **hereby ORDERED** that:

1) The Report and Recommendation (Doc. No. 18) is **APPROVED** and **ADOPTED.**

2) The Petition and Supplemental Petition for Writ of Habeas Corpus are **DENIED**.

3) There is no probable cause to issue a certificate of appealability.[1]

---

[1] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). The Court agrees with Magistrate Judge Caracappa that there is no probable cause to issue such a certificate in this action.

4) The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.[2]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] In February of this year, after receiving notice that Mr. Mooney had not yet received the Report and Recommendations, the Court required Respondents to serve a copy upon him. Mr. Mooney was permitted time to file any objections, should he wish to do so. Such objections were due March 4, 2020. After receiving Mr. Mooney's request for more time to file his objections, *see* Doc. No. 22, the Court again permitted Mr. Mooney more time to file any objections, and such objections were due on April 6, 2020. Taking *sua sponte* notice of the docket, and that Mr. Mooney had failed to file objections, still, the Court permitted one more opportunity for Mr. Mooney to file objections. To date, Mr. Mooney has not filed any objections to the Report and Recommendation. The Court notes that it is Mr. Mooney's responsibility to prosecute his case.

Additionally, Mr. Mooney appears to seek to excuse his untimely petition on the basis that his PCRA counsel was ineffective when in 2009, he allegedly informed Mr. Mooney that he had to file a second PCRA petition to raise new issues, which would have to be filed after the first PCRA petition had run its course in state court. He claims that because of this advice, he withdrew his initially timely-filed federal habeas petition of 2011, voluntarily. However, Mr. Mooney has not adequately demonstrated how his PCRA counsel's advice somehow caused him to voluntarily withdraw his timely filed federal habeas petition. Moreover, the letters he cites from his PCRA counsel do not sufficiently prove his point.