IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRENCE BETHEA, | : | |
| *Petitioner*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VINCENT MOONEY, et al., | : | No. 18-4033 |
| *Respondents.* | : | |

**M E M O R A N D U M**

PRATTER, J.                                                     JANUARY //, 2022

In 2004, Petitioner Terrence Bethea was convicted of murder and sentenced to life in prison without the possibility of parole. His sentence became final on July 24, 2007. *Commw. v. Bethea*, No. 3266 EDA 2012, 2014 WL 10982123, at *2 (Pa. Super. Ct. Feb. 3, 2014). Now, well over a decade later, he has made a third attempt at filing a petition for writ of habeas corpus. Because his petition is not timely, the Court will deny it with prejudice.

**PROCEDURAL HISTORY**

The history of Mr. Bethea's filings is extensive, but necessary to recount with some specificity. After Mr. Bethea was sentenced to life in prison on November 24, 2004, he filed a direct appeal through the Pennsylvania court system. Dkt., *Commw. v. Bethea*, CP-39-CR-0003638-2003, at 16–18.

After his sentence became final on July 24, 2007, Mr. Bethea filed his first Pennsylvania Post-Conviction Relief Act (PCRA) petition on October 3, 2007. The court appointed attorney Gavin P. Holihan to represent him, and Mr. Holihan filed an amended petition. After an evidentiary hearing, the PCRA court denied the petition on March 5, 2009, and Mr. Holihan

1

assisted Mr. Bethea in appealing the denial, which the Superior Court upheld. Dkt., *Commw. v. Bethea*, CP-39-CR-0003638-2003, at 22–18; *Commw. v. Bethea*, 4 A.3d 701 (Pa. Super. June 29, 2010) (unpublished table decision), *appeal denied*, 13 A.3d 473 (Pa. 2010). The Pennsylvania Supreme Court then denied his petition for allowance of appeal on December 7, 2010. *Commw. v. Bethea*, 13 A.3d 473 (Pa. Dec. 7, 2010) (unpublished table decision).

Mr. Bethea then filed his first federal habeas petition on May 23, 2011. *Bethea v. Verano, et al.*, No. 11-cv-3399, Doc. No. 1 (E.D. Pa. May 23, 2011). On February 29, 2012, Magistrate Judge Linda K. Caracappa issued an extensive, 45-page report and recommendation that recommended denying Mr. Bethea's claims for, *inter alia*, ineffective assistance of trial counsel for presenting contradicting theories at opening and closing arguments (Claim 5), failure to impeach Commonwealth witness James Alford (Claim 7), failure to call his mother as a witness for an alibi involving his acquisition of a handgun prior to the murder (Claim 10), and failure to meet the qualifications to handle a death penalty case (Claim 13). *Bethea*, Case No. 11-3399, Doc. No. 16 (E.D. Pa. Feb. 29, 2012). Judge Caracappa found that Mr. Bethea had procedurally defaulted on Claim 13 and recommended denying the other listed claims on the merits.

Then, on March 14, 2012, Mr. Bethea filed a *pro se* motion for leave to withdraw his habeas petition in order to "Refile Newly Discovered claims to the State forum for review and ruling." *Bethea*, Case No. 11-3399, Doc. No. 18 (E.D. Pa. Mar. 14, 2012). Judge Harvey Bartle granted the motion and closed the case. *Bethea*, Case No. 11-3399, Doc. No. 19 (E.D. Pa. Mar. 15, 2012).

On September 12, 2012, Mr. Bethea filed a second *pro se* PCRA petition. Doc. No. 17-1, at 39.[1] The PCRA court dismissed the petition as untimely on November 1, 2012. Doc. No. 2, at

---

[1] Unless specified otherwise, docket numbers refer to the instant case.

ECF 39 n.1 (noting that "the time for any petition for post-conviction relief has long since passed"). The Superior Court affirmed the dismissal on February 3, 2014. *Commw. v. Bethea*, 3266 EDA 2012 (Pa. Super. Feb. 3, 2014).

On April 25, 2014, Mr. Bethea filed a petition for a writ of mandamus seeking expungement of his DNA from the state DNA database that was collected as part of his separate and unrelated 1985 conviction. Doc. No. 17-3, at ECF 3–5. The Commonwealth Court of Pennsylvania rejected this petition on the merits on June 18, 2014, finding that his DNA was collected legally. *Id.* at ECF 5. The Pennsylvania Supreme Court affirmed this decision on April 27, 2015. *Id.*

Then, on April 18, 2016, Mr. Bethea filed another petition for a writ of habeas corpus, this time based on his 1985 conviction for robbery, burglary, criminal conspiracy and indecent assault.[2] *Bethea v. Mooney, et al.*, No. 16-cv-1866, Doc. No. 1 (E.D. Pa. Apr. 18, 2016). Upon receipt of the petition, the case was again referred to Magistrate Judge Caracappa for a report and recommendation. On November 30, 2016, Magistrate Judge Caracappa (analyzing the 1985 conviction that Mr. Bethea described in his petition) recommended denial of the petition because it was time barred by over 20 years. *Bethea*, No. 16-cv-1866, Doc. No. 9 (E.D. Pa. Nov. 30, 2016).

Mr. Bethea, continuing *pro se*, objected, arguing that the 1985 conviction led to his 2004 conviction. Mr. Bethea claimed that the government illegally took his DNA as part of his 1985 conviction, and that the same DNA was the lynchpin of his 2004 conviction. This Court ordered the government to respond, eventually appointing the Federal Defenders for the Eastern District of Pennsylvania to represent Mr. Bethea, anticipating that having counsel would clarify Mr.

---

[2] Mr. Bethea was released from prison for this 1985 crime decades ago.

3

Bethea's claims. On January 12, 2018, Mr. Bethea's counsel moved to withdraw because Mr. Bethea preferred to continue proceeding *pro se*. After this Court held a telephone conference with the parties and instructed Mr. Bethea's counsel to discuss the issues with her client to give him an opportunity to reconsider, Mr. Bethea indicated that he still wished to proceed *pro se*. Mr. Bethea insisted that his habeas petition related only to his 1985 conviction. *Bethea*, No. 16-cv-1866, Doc. No. 24, at 2 (E.D. Pa. Feb. 5, 2018).

On February 5, 2018, this Court dismissed his claims related to the 1985 conviction with prejudice and dismissed claims related to the 2004 conviction without prejudice, in order to give Mr. Bethea an opportunity to clarify the basis for his motion. The memorandum noted that, without ruling on the timeliness of challenges to his 2004 conviction, the Court would toll any statute of limitations period as to the 2004 conviction from the date of Mr. Bethea's initial filing until 180 days from the date of the order, which ended on August 1, 2018. *Id.*

Mr. Bethea then filed a third petition for a writ of habeas corpus on August 6, 2018.[3] Doc. No. 2. In this petition, Mr. Bethea alleges five claims based on ineffective assistance of counsel related to his 2004 conviction: (1) trial counsel failed to challenge the admission of DNA evidence collected while serving time for the 1985 conviction that Mr. Bethea challenges on assorted grounds; (2) trial counsel did not meet the professional requirements for handling a capital case; (3) trial counsel failed to call his mother as an alibi witness for the night he procured the weapon later used in the homicides; (4) trial counsel failed to impeach a witness, James P. Alford, using a romantic letter he wrote to the prosecutor; and (5) trial counsel made contradictory arguments in

---

[3] While the docket shows a filing date of September 18, 2018, the Court applies the mailbox rule to date the petition on the date Mr. Bethea provided the petition to prison authorities for filing. Doc. No. 18, at 5 n.1.

4

his opening and closing arguments. Mr. Bethea also filed a Supplemental Petition for Writ of Habeas Corpus on January 31, 2019, which is a successive petition that this Court does not consider.[4] Doc. No. 12.

Magistrate Judge Linda K. Caracappa issued a Report and Recommendation that recommended dismissal of the new petition on the basis of failure to meet the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act (AEDPA) with applicable statutory tolling. After three orders granting Mr. Bethea additional time to file objections to this report, and having not received such objections, this Court approved and adopted the Report and Recommendation on August 24, 2020 and closed the case. Doc. No. 26. Then, Mr. Bethea sent letters indicating that the COVID-19 pandemic had made responding difficult, and the Court provided him yet another opportunity to file objections, Doc. No. 30, followed by another extension, Doc. No. 32. Mr. Bethea filed his objections on January 28, 2021. Doc. No. 37.

## LEGAL STANDARD

Section 2244(d) of the AEDPA establishes a one-year statute of limitations beginning on the latest of several dates, including the date on which the judgment becomes final. 28 U.S.C. § 2244(d)(1). However, if a petitioner submits a "properly filed" petition for state collateral relief, the one-year limitations period is tolled while that petition is pending. 28 U.S.C. § 2244(d)(2). If a state petition is untimely, and the state court dismisses it as time-barred, then the petition was

---

[4] Under the AEDPA, a petitioner cannot file a second or successive petition for writ of habeas corpus without first seeking and receiving approval from a court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2244(b)(3)(c). Absent such authorization, the district court is not permitted to consider the merits of the subsequent petition.; *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002). Mr. Bethea has not sought an order from the Third Circuit Court of Appeals allowing this Court to consider this subsequent petition. Therefore, this Court does not have jurisdiction to review the supplemental petition. *Robinson*, 313 F.3d at 140.

not "properly filed" for AEDPA's tolling purposes. *Merritt v. Blaine*, 326 F.3d 157, 165–66 (3d Cir. 2003).

Nevertheless, a court may use its discretion "to equitably toll [the one-year limitations period] in extraordinary circumstances." *Miller v. N.J. St. Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998). The Third Circuit Court of Appeals has cautioned that equitable tolling should be invoked sparingly. *See LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005). For equitable tolling to apply, a petitioner must show he has been diligently pursuing his rights and an extraordinary circumstance prevented him from filing his petition on time. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). The Third Circuit Court of Appeals identified three circumstances in which equitable tolling is allowed: (i) when a defendant has actively mislead a petitioner, (ii) when an extraordinary circumstance has stopped a petitioner from asserting his rights, and (iii) when a petitioner has asserted his rights in a timely manner, but in the wrong forum. *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1998). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *see also Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) ("Generally, in a non-capital case . . . attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation.").

ANALYSIS

The Court analyzes whether some combination of statutory and equitable tolling could render Mr. Bethea's 2018 attempt at filing a habeas petition related to his 2004 conviction timely under AEDPA's one-year statute of limitations.[5]

## I.      Statutory Tolling

Mr. Bethea's habeas petition is subject to certain statutory tolling.  The statute of limitations did not begin to run until July 24, 2007, when his state judgment for the 2004 conviction became final. Then, after 71 days, his timely *pro se* PCRA petition on October 3, 2007 tolled the statute of limitations until the Pennsylvania Supreme Court rejected his petition for allowance of appeal on December 7, 2010.[6]  Thus, when Mr. Bethea filed his first *pro se* habeas petition challenging his 2004 conviction on May 23, 2011 (167 days later), he had used a total of 238 days (71 plus 167) of the time limit, with 127 days remaining on his federal habeas statute of limitations.

However, the Supreme Court has ruled that there is no statutory tolling during the pendency of a federal habeas petition.  *See Duncan v. Walker*, 533 U. S. 167, 181–182 (2001).  As the Supreme Court explained:

> The 1–year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments. *See generally Calderon v. Thompson*, 523 U.S. 538, 555–556 (1998). This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.

---

[5]  While the Court declines to consider Mr. Bethea's successive, would-be fourth petition in this case, Doc. No. 12, the Court does not apply the successive petition bar to Mr. Bethea's third habeas petition because he withdrew his first habeas petition and then the Court dismissed the portion of his second petition pertaining to his 2004 conviction without prejudice.

[6]  The time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year statute of limitations on filing of federal habeas corpus petition.  *Stokes v. District Attorney of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

7

*Duncan*, 533 U.S. at 179 (2001).

Therefore, the first round of habeas proceedings before Judge Bartle does not provide a basis for statutory tolling. When Judge Bartle granted Mr. Bethea's motion to withdraw his first habeas petition on March 15, 2012, nearly a year later, Mr. Bethea had already exceeded the 127 days remaining on the one-year statute of limitations.[7] And when Mr. Bethea attempted to file his second PCRA petition on September 12, 2012, the PCRA court rejected it as untimely. As a result, no statutory tolling renders Mr. Bethea's subsequent petitions timely.

## II.     Equitable Tolling

While statutory tolling does not render Mr. Bethea's instant petition timely, the Court also considers whether equitable tolling is appropriate. Mr. Bethea argues that his court-appointed attorney provided incorrect advice that should toll the statute of limitations.

Specifically, Mr. Bethea takes issue with a line in the November 4, 2009 letter from counsel that states "under some circumstances, you can raise new issues in a second P.C.R.A." Doc. No. 2, at ECF 36. However, attorney error is not generally a basis for equitable tolling in noncapital cases, and this is a noncapital case. *See Fahy*, 240 F.3d at 244; *Schlueter*, 384 F.3d at 76. While there is a narrow exception that allows equitable tolling for attorney error where the attorney commits an egregious error such as misrepresenting the fact of whether a filing was actually submitted, *Schlueter*, 384 F.3d at 76, such circumstances are not present here. To be clear, the advice in question was actually correct: there are certain, limited circumstances in which a PCRA court allows a second petition. *See* 42 Pa. C.S. § 9544(b); Doc. No. 2, at 39 n.1 (PCRA court

---

[7] In this Court's denial of the second habeas petition, which was based on the 1985 conviction, this Court expressly noted that it did not reach the issue of whether a challenge to the 2004 conviction, if it had been made at that point, would be timely. *See* Case No. 16-1866, Doc. No. 24, at 3 n.2 ("The Court expresses no view on the timeliness of his current petition as it relates to his 2004 conviction.").

noting same). And, as of November 4, 2009, when counsel provided this advice, Mr. Bethea was still within the period of statutory tolling for his first round of state proceedings. When the Pennsylvania Supreme Court rejected his appeal as to the denial of his first PCRA petition (December 7, 2010), he had only used 71 days of the one-year statute of limitations. Thus, Mr. Bethea failed to timely file the second PCRA petition within his remaining 294 days.

Mr. Bethea also does not provide any reason to justify the untimeliness of his third attempt at a habeas petition. He instead argues that counsel failed to inform him of the applicable statute of limitations. Doc. No. 37, at 3. This, as a matter of law, does not provide an "extraordinary circumstance[] for purposes of equitable tolling. *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) ("[C]ourts of appeals . . . have consistently rejected the argument that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling."). And Mr. Bethea certainly cannot argue that newly discovered evidence justifies this delay because almost all of the arguments that Mr. Bethea makes here are the very same arguments he made in his first habeas petition in 2011 (now over a decade ago), with the exception of the 1985 DNA evidence argument.

On this last point, Mr. Bethea argues that his counsel was not willing to raise the 1985 DNA evidence argument in his first PCRA petition. However, Mr. Bethea himself did not timely raise this issue in a second PCRA petition.[8] Mr. Bethea has also known about the use of the DNA

---

[8] The Court also notes that, even if it were to reach the merits, Mr. Bethea fails to show prejudice for his ineffective assistance of counsel claims. His central claim is that trial counsel failed to object to the DNA evidence and, construed generously, that appellate counsel failed to raise the issue. Doc. No. 37, at ECF 23. Yet, by his own admission, his trial counsel did in fact file a motion to suppress the blood sample, which was denied on the merits. Doc. No. 2, at ECF 25. Further, Mr. Bethea fails to acknowledge that the Commonwealth utilized significant additional evidence besides the DNA evidence to obtain his conviction, so he cannot show prejudice as required by *Strickland*. *See* Doc. No. 17, at ECF 3–4 (describing Commonwealth's introduction of his sister's testimony that he admitted the murder of Mr. Juarbe, Mr.

9

evidence since the sentence was first imposed in 2004, given that the evidence was challenged and then used at his trial. Therefore, Mr. Bethea has not demonstrated an extraordinary circumstance that merits equitable tolling.

## III.    Excuses for Procedural Default

Mr. Bethea also asks this Court to excuse his procedural default under the Supreme Court case *Martinez v. Ryan*, 566 U.S. 1 (2012), in order to prevent a miscarriage of justice.

### A.  *Martinez* Exception for Counsel Ineffectiveness

In his objections, Mr. Bethea argues that his procedural default should be excused under *Martinez* based on ineffective assistance of counsel. In *Martinez v. Ryan*, the Supreme Court held that "where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland* . . . [and] the underlying ineffective-assistance-of-trial-counsel claim is a substantial one," a federal court may excuse a procedural default.  566 U.S. at 14.  Although Mr. Bethea primarily seeks to relitigate the trial court's admission of his DNA sample obtained as a result of his 1985 conviction, *see* Doc. No. 37, at 3–19, he then argues that counsel's failure to raise this argument in his first PCRA petition "prejudiced Mr. Bethea in that he was deprived of his ability to have meritorious claims presented to the state court in the first instance," *id.* at 20.

Mr. Bethea misunderstands the import of *Martinez* for his situation. The *Martinez* holding was specific to the form "of procedural default[] under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a *state procedural rule*." 566 U.S. at 9 (emphasis added).  But Mr.

---

Bethea's changing accounts of what happened, and self-incriminating recordings of telephone calls with his mother while in prison).

Bethea's claims fail for a separate reason—his failure to meet the AEPDA one-year statute of limitations. This is a federal procedural error, not state procedural error. In other words, Mr. Bethea defaulted on *both* federal procedural grounds and state procedural grounds. Because the AEDPA bar prevents this Court from hearing Mr. Bethea's federal petition, this Court does not reach the issue of the state procedural default or the exception to a state procedural default established in *Martinez*.

Even if *Martinez* did apply, Mr. Bethea fails to establish that the underlying ineffectiveness of counsel claim is "a substantial one." *Martinez*, 566 U.S. at 14. He argues that counsel was ineffective for allowing the DNA evidence to be introduced, but his trial counsel did in fact challenge the DNA evidence in a suppression hearing. Instead, Mr. Bethea's real argument appears to be that appellate counsel did not continue raising this argument. In contrast to errors by trial counsel, the *Martinez* exception does not apply to even "a substantial, but procedurally defaulted, claim of ineffective assistance of *appellate* counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim." *Greene v. Superintendent Smithfield SCI*, 882 F.3d 443, 445 (3d Cir. 2018) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017)) (emphasis added). Mr. Bethea fails to meet either portion of the *Martinez* excuse for procedural default.

### B. Miscarriage of Justice

Mr. Bethea also argues that his procedural default should be excused to avoid a miscarriage of justice. However, "[t]he fundamental miscarriage of justice exception is narrow." *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017). "[T]he fundamental miscarriage of justice exception to procedural default is concerned only with 'actual' innocence and petitioner must show that in light of new evidence it is more likely than not that no reasonable juror would have convicted him absent

11

the claimed error." *White v. Lamas*, 905 F. Supp. 2d 624, 633 (E.D. Pa. 2012). In his objections, Mr. Bethea argues that "without the blood there was no nexus to the 2003 crime and Mr. Bethea's ability to prove his innocence would have been substantially increased" and "that he is actually innocent of the crimes alleged." Doc. No. 37, at 25. Yet, in challenging the use of DNA evidence as improperly collected from a prior conviction, Mr. Bethea's "claim of innocence . . . is procedural, rather than substantive." *Schlup v. Delo*, 513 U.S. 298, 314 (1995). Mr. Bethea also fails to acknowledge that the Commonwealth utilized significant additional evidence besides the DNA evidence to obtain his conviction. *See* Doc. No. 17, at 3–4 (describing Mr. Bethea's changing accounts of what happened, the Commonwealth's introduction of his sister's testimony that he confessed to her, and self-incriminating telephone calls with his mother recorded while he was in prison). A reasonable juror could have convicted Mr. Bethea based on his own admissions, without the DNA evidence, and Mr. Bethea introduces no new evidence here. Therefore, the miscarriage of justice exception is not available.

Finally, the Court notes that the relief that Mr. Bethea seeks would not be available substantively even if the Court were to dispense with well-established procedural requirements (which, for the reasons explained above, it cannot). Mr. Bethea requests "[t]hat the DNA is destroyed and remove[d] from [the state] data bank" along with his "release from custody, or be granted a new trial, or have appeal rights reinstated" on the basis of the invalidity of this DNA collection. Doc. No. 2, at ECF 15. Yet his petition seeking expungement of his DNA from the state DNA database under 44 Pa. C.S. § 2321 has already been rejected on the merits by the Pennsylvania Supreme Court. Doc. No. 17-3, at ECF 5. Federal habeas relief is not available for such determinations of state law. *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977).

## CONCLUSION

The Court also declines to issue a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Bethea has not shown that "reasonable jurists" would find the "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As a result, this Court will not issue a certificate of appealability.

For the foregoing reasons, the Court denies Mr. Bethea's objections to Magistrate Judge Caracappa's Report & Recommendation and adopts the Report & Recommendation in full. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

13